UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
ALEKSEY BELYAKOV,                                        :
                                                         :
                              Plaintiff,                 :
                                                         :                  20-cv-3825 (VSB)
               -against-                                 :
                                                         :                  **OPINION & ORDER**
                                                         :
WE ARE CONSTANTLY THINKING,                              :
DESIGNING, AND EATING LLC,                               :
                                                         :
                              Defendant.                 :
                                                         :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/26/2021__

Appearances:

Kalpana Nagampalli
Sumeer Kakar
Kakar, P.C.
New York, NY
*Counsel for Plaintiff*

Ralph N. Gaboury
Cox Padmore Skolnik & Shakarchy LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff's motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure Rule 15. (Doc. 49.) Plaintiff's motion for leave is GRANTED on the condition that, within fourteen (14) days of the filing of this Order, he files the amended complaint with the December 21, 2017 email and accompanying photographs that he sent to Defendant, and which are at the center of the allegations in his amended complaint, attached as exhibits to that complaint.

## I. Factual Background and Procedural History

On May 17, 2020, Plaintiff Aleksey Belyakov ("Plaintiff") commenced this action by filing a complaint. (Doc. 1.) The short, barebones, four-page complaint alleged copyright infringement against Defendant We Are Constantly Thinking, Designing, and Eating LLC ("Defendant") with regard to three photographs appended as an exhibit. (*Id.*; Doc. 1-1.) After nine extensions—eight submitted by Defendant on consent, and one submitted by Plaintiff on consent—Defendant filed its answer on December 16, 2020. (Doc. 27.) On February 1, 2021, Plaintiff's counsel filed a motion to withdraw as attorney. (Doc. 36.) I granted that motion on February 4, 2021, and temporarily stayed the case to allow for Plaintiff to find new counsel. (Doc. 43.) Plaintiff's current counsel filed a notice of appearance on February 23, 2021. (Doc. 45.) I entered the parties' Case Management Plan and Scheduling Order ("CMP") on March 18, 2021. (Doc. 48.)

On June 7, 2021, more than a year after Plaintiff filed his complaint, Plaintiff filed a motion for leave to file a first amended complaint. (Doc. 49.) Defendant submitted a memorandum of law in opposition to Plaintiff's motion on July 2, 2021. (Doc. 53.) This motion became fully briefed when Plaintiff submitted his reply memorandum of law on July 15, 2021. (Doc. 55.)

On July 15, 2021, the parties submitted a joint request that I modify their CMP and stay all deadlines until I issued a decision on Plaintiff's motion for leave. (Doc. 54.)

## II. Legal Standard

"In all other cases [other than amendments as a matter of course], a party may amend its [complaint] only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though

2

liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Ruotolo v. N.Y.C.*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). The "nonmovant bears the burden of showing prejudice, bad faith and futility of the amendment." *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586(LAK)(GWG), 2014 WL 4460393, at *9 (S.D.N.Y. Sept. 11, 2014) (internal quotation marks omitted).

### III. Discussion

Plaintiff's initial complaint, filed by his then-counsel, Richard Liebowitz, was a short, four-page document. (Doc 1.) The complaint alleged seven acts of copyright infringement as to three photographs that Plaintiff, a professional photographer, took. (*Id.* ¶¶ 7, 10; Doc. 1-1; Doc. 1-2.) Plaintiff's proposed amended complaint is an eight-page document that is more detailed than the initial complaint. (Doc. 49-1.) Specifically, while the initial complaint contained only five short paragraphs of factual allegations, the amended complaint contains 25 paragraphs of factual allegations, providing more detail about the nature of Plaintiff's work for Defendant and a clearer timeline of that work. (*Compare* Doc. 1 ¶¶ 7–11, *with* Doc. 49-1 ¶¶ 7–31.) Most relevant here, the amended complaint alleges copyright infringement as to 104 photographs that Plaintiff took and emailed to Defendant's Chief Executive Officer ("CEO") on December 21, 2017. (Doc. 49-1 ¶ 17.) Whereas Plaintiff initially alleged seven acts of copyright infringement, (*see* Doc. 1-2), Plaintiff's amended complaint does not indicate which of the 104 photos were infringed, where they were infringed, or how many times each were infringed, (*see* Doc. 49-1 ¶ 26) (alleging only that Defendant "reproduced, displayed, distributed, and made derivative works of many of the Photographs for commercial purposes on websites and physical advertising in

multiple worldwide markets.")).  Although Plaintiff submitted as an exhibit to his initial complaint the three allegedly infringed photographs, (Doc. 1-1), Plaintiff failed to submit any of the 104 photographs that are the subject of his amended complaint, (*see* Doc. 49-1).

In opposition to Plaintiff's motion for leave to amend, Defendant makes three arguments: (1) that it has been unduly prejudiced; (2) that the delay is excessive; and (3) that any amendment would be futile.   I will address each of these in turn.

### A.   *Undue Prejudice*

First, Defendant argues that it will be unfairly prejudiced if I grant Plaintiff's motion for leave.  (Doc. 53, at 3–5.)  In determining whether the non-movant is prejudiced, courts "consider whether the assertion of the new claim would:  (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  In the end, "the prejudice inquiry involves a balancing process," wherein the court must "weigh[] any potential prejudice the opposing party would experience if the amendments were granted against any prejudice the moving party would suffer if its proposed amendment were denied."  *Cmty. Ass'n Underwriters of Am. v. Main Line Fire Prot. Corp.*, No. 18 Civ. 4273 (PMH)(JCM), 2020 WL 5089444, at *4 (S.D.N.Y. Aug. 28, 2020) (internal quotation marks and citation omitted).  "[P]rejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is *undue* prejudice."  *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (internal quotation marks omitted) (emphasis in original).

Plaintiff's proposed amendment is prejudicial to Defendant.  The issue is whether or not the amendment is unduly prejudicial to Defendant.  As noted *supra*, Plaintiff's initial complaint

4

was short and clearly defined in scope: Plaintiff alleged seven infringing uses for three photographs, and all the photographs and uses were appended as exhibits to the complaint. (Docs. 1-1, 1-2.) Now, Plaintiff alleges an indeterminate number of uses for some of 104 photographs. (*see* Doc. 49-1 ¶¶ 17, 26.) I find that if Plaintiff attaches as exhibits to the amended complaint the (1) December 21, 2017 email that he sent Defendant, and (2) 104 photographs that he sent to Defendant in the same email, Plaintiff's amendment is not unduly prejudicial for three main reasons.

First, I find that if Plaintiff includes the relevant materials as attachments to the amended complaint, the increased discovery burden on Defendant will not be significant. According to the proposed amended complaint, Plaintiff sent the 104 images to Defendant's CEO in an email on December 21, 2017, (*id.* ¶ 17)—less than four years ago—and has provided the file names and copyright information of those photographs in his amended pleading. (Doc. 49-1 Ex. A). If Plaintiff provides the email and photographs in question, Defendant will be working with a closed universe of photographs—as it had with regard to the initial complaint—to which it has full access and about which it has sufficient information. While I acknowledge that Defendant might not know all of the places that these photographs were used, it is "impracticable [before discovery] to require Plaintiff[]" to plead adequately which of these works were infringed and how "because Defendant[] [is] in sole possession of the facts that determine whether any individual work was infringed." *Energy Intelligence Grp., Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 339 (S.D.N.Y. 2015).

Second, amendments are less prejudicial in the earlier stages of litigation. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) ("A court is more likely to find an amendment prejudicial if discovery has closed."). Under the operative Case

Management Plan and Scheduling Order in this case, discovery closes on October 15, 2021, (Doc. 48), which is more than a month away. The parties have recently asked me for a significant delay of discovery deadlines, (Doc. 54), which I will grant in a separate order provided that Plaintiff submits the materials I order here. Given this lengthy extension—which the parties explicitly requested on grounds that I might grant Plaintiff's motion, (*id.* at 2–3)—the parties will have the time they need to properly account for Plaintiff's amendment.

Third, even though I acknowledge that Defendant will face some additional discovery burden, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States ex rel. Mar. Admin. v. Cont'l Ill. Nat'l Bank & Trust Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989); *see also A.V. by Versace, Inc.*, 87 F. Supp. 2d at 299. Regardless, as noted *supra*, if Plaintiff provides the December 21, 2017 email and the accompanying photographs as exhibits to the amended complaint, it will mitigate Defendant's discovery burden such that it will not be unduly burdensome.

I find that the proposed amendment to the complaint would be unduly prejudicial to Defendant if Plaintiff does not or cannot produce the December 21, 2017 email and accompanying photographs. Plaintiff is correct that Defendant is in a better position than he is to track and determine all the potentially infringing uses of the photographs. However, I find that Plaintiff is in a better position than Defendant to find the email and the photographs themselves, given that he sent the email, took the photographs, downloaded the photographs to at least one device to which he had access, and sent them from his account. This seems particularly true in light of the fact that Plaintiff has provided the date of the email, the file names, and the copyright information for the photographs, (Doc. 49-1 Ex. A), and already filed the three photographs that were at the center of his initial complaint, (Doc. 1-1). Given that Plaintiff has not provided

information about the alleged infringing uses of those photographs, (*see* Doc. 49-1 ¶ 26), if he also fails to produce the email and photographs at issue in his amended complaint, this case would become the sort of unduly prejudicial "fishing expedition" that Defendant reasonably seeks to avoid. (Doc. 53, at 4.) Therefore, my decision granting Plaintiff's motion for leave to amend is conditioned on Plaintiff's timely filing on the docket the amended complaint with the December 21, 2017 email and photographs at issue as exhibits within fourteen (14) days of the filing of this Order.

### B.   *Undue Delay*

Defendant argues that granting Plaintiff's motion will result in undue delay, noting that this case was filed more than a year ago and was stayed for more than a month because Plaintiff substituted counsel. (Doc. 53, at 5–6.) As an initial matter, absent a showing of bad faith or undue prejudice, "[m]ere delay . . . does not provide a basis for the district court to deny the right to amend." *Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted). More importantly, Defendant's claims of undue delay ring hollow because Defendant has requested and received eight extensions of time to answer Plaintiff's initial complaint, (*see* Docs. 8, 10, 12, 15, 17, 19, 21, 23), and ultimately filed its answer more than six months after the initial deadline, (Doc. 27). In other words, both parties are at fault for the delay in this case, and it would be inappropriate to punish Plaintiff for his delay in filing an amended complaint—especially under the circumstances presented here, where Plaintiff was faced with the need to obtain new counsel.

### C.   *Futility*

Finally, Defendant argues that Plaintiff's proposed amendment is futile because the proposed amendment would fail to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 53, at 6–9.) "A proposed amended pleading is futile when it fails to

7

state a claim." *Ouedraogo v. A-1 Int'l. Courier Serv., Inc.*, No. 12 Civ. 5651(AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013). "If the proposed amendment cannot survive a 12(b)(6) motion to dismiss, a court may properly deny it." *Fei v. WestLB AG*, No. 07CV8785(HB)(FM), 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008); *see also id.* ("The proper standard for evaluating Defendant's opposition to the proposed amendment, on the ground that it would be futile, requires the Court to examine whether Plaintiff's proposed retaliation claims could withstand a Rule 12(b)(6) motion to dismiss."); *Jones v. N.Y.S. Div. of Military & Naval Affs.*, 166 F.3d 45, 55 (2d Cir. 1999) (finding that "the proposed amendment was futile" because the "proposed amended complaint would be subject to immediate dismissal").

"A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Architectural Body Res. Found. v. Reversible Destiny Found., Inc.*, 335 F. Supp. 3d 621, 644 n.15 (S.D.N.Y. 2018) (internal quotation marks and emphases omitted). Defendant alleges that Plaintiff's amendment is futile on the first and fourth requirements. As to the first requirement, Defendant notes that while Plaintiff's amendment identifies 104 photographs, the amended complaint states that Defendants infringed "many" of them, leaving Defendant "to guess which of the up to 104 photographs are the subject of the claim." (Doc. 53, at 7.) In *Energy Intelligence Group*, this Court found that even where plaintiffs "[did] not allege that all of [the more-than 700 works identified in the complaint] were infringed or that any specific one of them was," the complaint should survive a motion to dismiss as "Defendants [were] in sole possession of the facts that determine whether any individual work was infringed." 101 F. Supp. 3d at 339. Such is the case here, particularly given that Plaintiff has provided Defendant with an "exhaustive list of the . . . photographic

8

images that Defendant allegedly used without permission," *Elliot v. Gouverneur Tribune Press, Inc.*, No. 7:13–cv–00055 (MAD/TWD), 2013 WL 6240489, at *2 (N.D.N.Y. Dec. 3, 2013), which gives Defendant the "basic factual notice" required at the pleading stage, *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 353 (S.D.N.Y. 2014).

With regard to the fourth requirement, Defendant notes that Plaintiff does not provide sufficient detail as to what acts and during which time Defendant infringed these copyrights. (Doc. 53, at 8–9.) Here, I find that Plaintiff has sufficiently alleged the timeline at issue to put Defendant on notice with regard to this factor, again given the fact that Defendant is in a far better position than Plaintiff, based on the allegations in the amended complaint, to know the facts surrounding the precise infringing acts at issue. (*See* Doc. 49-1 ¶¶ 15–26.)

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend the complaint is GRANTED, on the condition that Plaintiff, within fourteen (14) days of the filing of this Order, files the amended complaint with the (1) December 21, 2017 email, and (2) 104 photos at issue as exhibits.

The Clerk is directed to terminate the open motion at Document 49.

SO ORDERED.

Dated: August 26, 2021
      New York, New York

                                            Vernon S. Broderick
                                            United States District Judge